**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR BEAN & WHITAKER MORTGAGE CORP., REO SPECIALISTS, LLC, and HOME AMERICA MORTGAGE, INC., | Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF |
| Debtors._____/ | Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF |
| TAYLOR BEAN & WHITAKER MORTGAGE CORP., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 3:10-ap-00644-JAF |
| SOVEREIGN BANK, | |
| Defendant._____/ | |

## SOVEREIGN'S ANSWER AND COUNTERCLAIMS

Sovereign Bank ("**Sovereign**"), for itself in its capacity as agent for a group of syndicated lenders (the "**Servicing Facility Lenders**") under the Servicing Facility and Security Agreement (defined below), files (a) its Answer and Affirmative Defense to Taylor, Bean & Whitaker Mortgage Corp.'s ("**TBW**") Complaint, and (b) its Counterclaims for Declaratory Judgments.[1]

---

[1] Sovereign is also one of the syndicated lenders. Consequently, reference to the Servicing Facility Lenders also includes Sovereign.

## BACKGROUND

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

## FACTUAL ALLEGATIONS

4. Admitted.

5. Admitted.

6. Denied; admitted only that the Sixth Amended and Restated Servicing Facility and Security Agreement ("**Servicing Facility and Security Agreement**") amended, restated, and superseded the Fifth Amended and Restated Servicing Facility and Security Agreement and that the Servicing Facility and Security Agreement speaks for itself.

7. Admitted.

8. Denied; admitted only that the Servicing Facility Loan and Security Agreement, speaks for itself, and that the Servicing Facility Lenders' security interest is defined by the Servicing Facility Loan and Security Agreement and its predecessors, the UCC financing statements recorded in association with the Servicing Facility Loan and Security Agreement, the promissory notes executed in association with the Servicing Facility Loan and Security Agreement, the numerous appraisals and evaluations of TBW's residential mortgage servicing portfolio performed by independent third parties on behalf of TBW against which TBW borrowed under the Servicing Facility Loan and Security Agreement and against which the Servicing Facility Lenders loaned money to TBW, any other written instruments relating to the Servicing Facility Loan and Security Agreement, and the course of

dealings between TBW and the Servicing Facility Lenders under the Servicing Facility Loan and Security Agreement and its predecessors (collectively, the "**Collateral Description**").

9. Denied; admitted only that the Servicing Facility Lenders' rights are defined by the Collateral Description.

10. Denied; admitted only that the term "Approved Investors" is defined by the Collateral Description.

11. Denied; admitted only that the term "Approved Investors" is defined by the Collateral Description.

12. Denied.

13. Admitted.

14. Denied.

15. Denied; admitted only that Sovereign filed a proof of secured claim in the amount of $168,231,302.17, which incorporated by reference supporting documents previously filed with the Court.

16. Denied; admitted that the Servicing Facility Lenders' rights to collateral under the Servicing Facility Loan and Security Agreement apply to all rights and interests identified in the Response of Sovereign Bank to Motion to Approve (Doc. No. 2292) and all other rights and interests provided by the collateral description.

17. Denied; admitted that the Servicing Facility Lenders' rights and interests apply to all collateral provided by the collateral description.

## COUNT I
## (Declaratory Judgment-Extent of Liens in Servicing Contracts)

18. No answer is required.

19. Admitted.

20. Denied.

21. Denied.

## COUNT II
## (Declaratory Judgment-Extent of Liens in Hedging Arrangements)

22. No answer is required.

23. Denied.

24. Denied

## SOVEREIGN'S AFFIRMATIVE DEFENSE

## EQUITABLE ESTOPPEL

TBW granted the Servicing Facility Lenders a security interest in, among other things, all mortgage servicing rights against which TBW borrowed under the Servicing Loan and Security Agreement. The Servicing Facility Lenders loaned money to TBW relying in good faith on that grant and TBW's representations and actions. The Servicing Facility Lenders have, and continue to be, harmed by TBW's actions, while TBW and its estate have enjoyed the benefits of its grant of security interest and money loaned by the Servicing Facility Lenders to their detriment.

## SOVEREIGN'S COUNTERCLAIMS FOR DECLARATORY JUDGMENTS

Sovereign, for itself and as agent for the Servicing Facility Lenders, files its Counterclaims for Declaratory Judgments. Unless otherwise defined, it uses terms defined in Sovereign's Answer.

### BACKGROUND OF LOAN AND SECURITY INTEREST

1. In or about May, 2009, TBW and the Servicing Facility Lenders entered into the Servicing Facility Loan and Security Agreement, which provided for the extension of a revolving line of credit from the Servicing Facility Lenders to TBW, and under which TBW borrowed money to fund its business, on a revolving basis.

2. The Servicing Facility Loan and Security Agreement was an amendment and restatement of a series of five similar servicing facility loan and security agreements dating back to February 2002.

3. Like its predecessors, the Servicing Facility Loan and Security Agreement granted the Servicing Facility Lenders a security interest in and to all mortgage servicing rights, including all rights to mortgage servicing fees and advances, which was described, in part, as follows:

> each of the following, wherever located, whether now existing or hereafter arising, and whether now or hereafter owned or acquired by, or accruing or owing to, Borrower:
>
> (i)    All Servicing Contracts, all Servicing Rights, all other contracts, and all guaranties, instruments, documentation and chattel paper relating to or arising from such Servicing Rights and Servicing Contracts, and any other right, title and interest of Borrower in, to and under the Mortgage Notes, Mortgages and other security documents evidencing and securing the Mortgage Loans that are the subject of the Servicing Rights;
>
> (ii)    All Servicing Receivables and each of the following

5

rights and interests, to the extent same relate to rights to payment under, or claims for monies payable or to become payable under, the Servicing Contracts: all contract rights, accounts, general intangibles, and other rights to payment and claims for monies payable or to become payable under the Servicing Contracts;

(iii)   All other rights and remedies under the Servicing Contracts;

(iv)   All rights of Borrower to sell or assign its interest therein and all amounts payable to the Borrower thereunder arising out of any termination thereof, and all files, surveys, certificates, correspondence, appraisals, computer programs, tapes, disks, cards, accounting records and other records and data of Borrower related to the Mortgage Loans covered by the Servicing Rights;

(v)   All Servicing Sale Agreements, all other contracts, and all guaranties, instruments, documentation and chattel paper, relating to or arising from such Servicing Sale Agreements;

(vi)   All Servicing Sale Receivables and each of the following rights and interests, to the extent same relate to rights to payment under, or claims for monies payable or to become payable under, the Servicing Sale Agreements: all contract rights, accounts, general intangibles, and other rights to payment and claims for monies payable or to become payable under the Servicing Contracts;

(vii)   All other rights and remedies under the Servicing Sale Agreements;

(viii) The Collateral Payment Account, the Operating Account and all other accounts at any time maintained by Borrower and/or Agent in connection with the Servicing Facility and any and all money, cash, deposits and investments at any time held in such accounts, and any and all rights of Borrower to insurance payments made in respect of such accounts;

(ix)   All rights of Borrower in, to and under any Hedging Arrangements entered into to protect Borrower against changes in the value of any of the Servicing Collateral, including without limitation, all rights to payment arising under such Hedging Arrangements;

6

(x) All P&I Receivables and each of the following rights and interests, to the extent same relate to rights to payment under, or claims for monies payable or to become payable under, the Mortgage Loans relating to such P&I Receivables: all contract rights, accounts, general intangibles, and other rights to payment and claims for monies payable or to become payable under such Mortgage Loans;

(xi) All T&I Receivables and each of the following rights and interests, to the extent same relate to rights to payment under, or claims for monies payable or to become payable under, the Mortgage Loans relating to such T&I Receivables: all contract rights, accounts, general intangibles, and other rights to payment and claims for monies payable or to become payable under such Mortgage Loans;

(xii) All now existing or hereafter arising accounts, chattel paper, general intangibles (including payment intangibles), instruments and software (as each such term is defined in Article 9) constituting or relating to any of the foregoing Servicing Collateral;

(xiii) All claims and causes of actions in which Borrower has or may have against any Person, including but not limited to, tort claims and commercial tort claims, arising out of or relating to any of the foregoing, and the products and proceeds thereof; and

(xiv) All Products and Proceeds of the foregoing Servicing Collateral.

4. The assets of TBW in which the Servicing Facility Lenders hold a security interest, include, without limitation, the foregoing assets described in the Servicing Loan and Security Agreement and its predecessors and other documents, together with all other assets described in or by reference to the UCC financing statements recorded in association with the Servicing Facility Loan and Security Agreement, the promissory notes executed in association with the Servicing Facility Loan and Security Agreement, the numerous appraisals and evaluations of TBW's residential mortgage servicing portfolio performed by independent third parties on behalf of TBW against which TBW borrowed under the

7

Servicing Facility Loan and Security Agreement and against which the Servicing Facility Lenders loaned money to TBW, any other written instruments relating to the Servicing Facility Loan and Security Agreement, and the course of dealings between TBW and the Servicing Facility Lenders under the Servicing Facility Loan and Security Agreement and its predecessors (the "**Collateral**")

5.      The only exception from TBW's grant of the security interest in the Collateral is an express carve out of "any Servicing Contract with respect to Mortgage Loans or pools containing Mortgage Loans covered by or associated with Borrower's FHLMC Seller/Servicer number 142080" (the "**Excepted Collateral**").  Sovereign has been informed, and believes that Natixis holds a security interest in the Excepted Collateral.

6.      The security interest in the Collateral was given to secure the repayment by TBW of loans and advances of more than $230 million from the Servicing Facility Lenders.

7.      In connection with the Servicing Facility Loan and Security Agreement, and to perfect their security interest in the Collateral, the Servicing Facility Lenders recorded a series of UCC financing statements and amendments dating back to at least February 2002.

8.      Under the UCC financing statements, the Servicing Facility Lenders gave notice of the existence of their security interest in the Collateral.

9.      The security interests of the Servicing Facility Lenders in any Collateral not described in the UCC financing statements was otherwise perfected as required under the laws of the State of Florida.

10.     On August 24, 2009 (the "**Petition Date**"), TBW filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

11. As of the Petition Date, TBW owed the Servicing Facility Lenders approximately $164.9 million under the Servicing Facility Loan and Security Agreement.

12. As of the Petition Date, certain items of Collateral, or the identifiable proceeds of such Collateral constituted property of TBW's estate.

13. The parties rights to the Collateral and its proceeds are the subject of a dispute between the parties.

14. Sovereign, as agent for the Servicing Facility Lenders, seeks a declaration from this Court as to the Servicing Facility Lenders' right, title, and interest in and to all Collateral and its proceeds, constituting property of TBW's estate.

## COUNT I
### (Judgment Declaring the Validity and Extent of the Security Interest in Servicing Fees and Rights for Freddie Mac Mortgages)

15. Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

16. Among the Collateral, the estate claims a property interest in and to all mortgage servicing fees and rights with respect to all mortgage loans serviced for the Federal Home Loan Mortgage Corporation ("**Freddie Mac**") by TBW (the "**Freddie Mac MSRs**").

17. Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Freddie Mac MSRs.

18. TBW has denied the validity, extent, and priority of the security interest of the Servicing Facility Lenders in and to the Freddie Mac MSRs, and is seeking to sell the Freddie Mac MSRs without regard to the security interest of the Servicing Facility Lenders in them.

9

Case 3:10-ap-00644-JAF   Doc 4   Filed 01/13/11   Page 10 of 20

19. The parties are in dispute concerning their rights in the Freddie Mac MSRs.

20. There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

WHEREFORE, Sovereign respectfully requests an order,

(a) declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Freddie Mac MSRs; and

(b) granting all other relief that this Court determines is just and proper.

## COUNT II
### (Judgment Declaring the Validity and Extent of the Security Interest in Reimbursed Servicer Advances Paid with Respect to Mortgages Serviced for Freddie Mac)

21. Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

22. Among the Collateral, the estate claims a right of reimbursement for all advances of principal and interest, taxes, and insurance paid on behalf of mortgage loan borrowers on account of mortgages TBW serviced for Freddie Mac (the "**Freddie Mac Servicer Advances**").

23. Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Freddie Mac Servicer Advances.

24. The parties are in dispute concerning their rights in the Freddie Mac Servicer Advances.

10

25.     There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

WHEREFORE, Sovereign respectfully requests an order

(a)     declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Freddie Mac Servicer Advances; and

(b)     granting all other relief that this Court determines is just and proper.

## COUNT III
### (Judgment Declaring the Validity and Extent of the Security Interest in Servicing Fees and Rights for Ginnie Mae Mortgages)

26.     Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

27.     Among the Collateral, the estate claims a property interest in and to all mortgage servicing fees and rights with respect to all mortgage loans serviced for the Government National Mortgage Association ("**Ginnie Mae**") by TBW (the "**Ginnie Mae MSRs**").

28.     Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Ginnie Mae MSRs.

29.     TBW has denied the validity, extent and priority of the security interest of the Servicing Facility Lenders in and to the Ginnie Mae MSRs without regard to the security interest of the Servicing Facility Lenders in them.

30.     The parties are in dispute concerning their rights in the Ginnie Mae MSRs.

11

31.     There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

WHEREFORE, Sovereign respectfully requests an order,

(a)     declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Ginnie Mae MSRs; and

(b)     granting all other relief that this Court determines is just and proper.

### COUNT IV
### (Judgment Declaring the Validity and Extent of the Security Interest in Reimbursed Servicer Advances Paid with Respect to Mortgages Serviced for Ginnie Mae)

32.     Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

33.     Among the Collateral, the estate claims a right of reimbursement for all advances of principal and interest, taxes, and insurance paid on behalf of mortgage loan borrowers on account of mortgages TBW serviced for Ginnie Mae (the "**Ginnie Mae Servicer Advances**").

34.     Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Ginnie Mae Servicer Advances.

35.     The parties are in dispute concerning their rights in the Ginnie Mae Servicer Advances.

36.     There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

12

WHEREFORE, Sovereign respectfully requests an order

(a)  declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Ginnie Mae Servicer Advances; and

(b)  granting all other relief that this Court determines is just and proper.

## COUNT V
### (Judgment Declaring the Validity and Extent of the Security Interest in Servicing Fees and Rights for Wells Fargo Mortgages)

37.  Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

38.  Among the Collateral, the estate claims a property interest in and to all mortgage servicing fees and rights with respect to all mortgage loans serviced for Wells Fargo Bank, N.A. ("**Wells Fargo**") by TBW (the "**Wells Fargo MSRs**").

39.  Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Wells Fargo MSRs.

40.  TBW has denied the validity, extent and priority of the security interest of the Servicing Facility Lenders in and to the Wells Fargo MSRs without regard to the security interest of the Servicing Facility Lenders in them.

41.  The parties are in dispute concerning their rights in the Wells Fargo MSRs.

42.  There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

13

WHEREFORE, Sovereign respectfully requests an order,

(a) declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Wells Fargo MSRs; and

(b) granting all other relief that this Court determines is just and proper.

## COUNT VI
### (Judgment Declaring the Validity and Extent of the Security Interest in Reimbursed Servicer Advances Paid with Respect to Mortgages Serviced for Wells Fargo)

43. Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

44. Among the Collateral, the estate claims a right of reimbursement for all advances of principal and interest, taxes, and insurance paid on behalf of mortgage loan borrowers on account of mortgages TBW serviced for Wells Fargo (the "**Wells Fargo Servicer Advances**").

45. Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Wells Fargo Servicer Advances.

46. The parties are in dispute concerning their rights in the Wells Fargo Servicer Advances.

47. There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

WHEREFORE, Sovereign respectfully requests an order

(a) declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Wells Fargo Servicer Advances; and

(b) granting all other relief that this Court determines is just and proper.

## COUNT VII
### (Judgment Declaring the Validity and Extent of the Security Interest in Proceeds of the Wells Fargo Mortgage Servicing Rights Settlement)

48. Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

49. Among the Collateral, the estate claims a right to certain proceeds of the Wells Fargo MSRs and the Wells Fargo Servicer Advances, including proceeds from the Motion to Approve Settlement Agreements Related to Mortgage Pools Held by 12 Separate Mortgage Backed Securities Trusts With Respect to Which the Debtor, Taylor, Bean & Whitaker Mortgage Corp., Served as Servicer and Wells Fargo Bank, N.A. Served as Master Servicer (Doc. No. 2157) (the "**Wells Fargo Mortgage Servicing Rights Settlement**").

50. Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the proceeds of the Wells Fargo MSRs and the Wells Fargo Servicer Advances, which includes proceeds of the Wells Fargo Mortgage Servicing Rights Settlement.

51. The parties are in dispute concerning their rights in the proceeds of the Wells Fargo Mortgage Servicing Rights Settlement.

52. There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

15

WHEREFORE, Sovereign respectfully requests an order

(a) declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the proceeds of the Wells Fargo Mortgage Servicing Rights Settlement; and

(b) granting all other relief that this Court determines is just and proper.

## COUNT VIII
### (Judgment Declaring the Validity and Extent of the Security Interest in Servicing Fees and Rights for Other Private Label Mortgages)

53. Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

54. Among the Collateral, the estate claims a property interest in and to all mortgage servicing fees and rights with respect to all mortgage loans serviced for entities other than Freddie Mac, Ginnie Mae, and Wells Fargo ("**Private Labels**") by TBW (the "**Private Label MSRs**").

55. Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Private Label MSRs.

56. TBW has denied the validity, extent and priority of the security interest of the Servicing Facility Lenders in and to the Private Label MSRs without regard to the security interest of the Servicing Facility Lenders in them.

57. The parties are in dispute concerning their rights in the Private Label MSRs.

58. There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

16

WHEREFORE, Sovereign respectfully requests an order,

(a) declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Private Label MSRs; and

(b) granting all other relief that this Court determines is just and proper.

**COUNT IX**
**(Judgment Declaring the Validity and Extent of the Security Interest in Reimbursed Servicer Advances Paid with Respect to Mortgages Serviced for Private Labels)**

59. Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

60. Among the Collateral, the estate claims a right of reimbursement for all advances of principal and interest, taxes, and insurance paid on behalf of mortgage loan borrowers on account of mortgages TBW serviced for Private Labels (the "**Private Labels Servicer Advances**").

61. Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Private Labels Servicer Advances.

62. The parties are in dispute concerning their rights in the Private Labels Servicer Advances.

63. There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

17

WHEREFORE, Sovereign respectfully requests an order

(a) declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Private Labels Servicer Advances; and

(b) granting all other relief that this Court determines is just and proper.

## COUNT X
### (Judgment Declaring the Validity and Extent of the Security Interest in Hedging Arrangements)

64. Sovereign incorporates all of the allegations in paragraphs 1 through 14 of its Counterclaims for Declaratory Judgments.

65. Among the Collateral, the estate claims a right of reimbursement for hedging arrangements (including without limitation, any interest rate swap agreement, interest cap agreement, or forward sale agreement) entered into by TBW to protect itself against changes in interest rates or the market value of assets (the "**Hedging Arrangements**").

66. Under the terms of the Servicing Loan and Security Agreement and related documents, TBW granted the Servicing Facility Lenders a security interest in, among other things, the Hedging Arrangements.

67. The parties are in dispute concerning their rights in the Hedging Arrangements.

68. There is a bona fide, actual, present, and practical need for a declaration by the Court regarding these matters.

WHEREFORE, Sovereign respectfully requests an order

(a) declaring the rights, obligations and responsibilities of the parties, which includes a determination that the Servicing Facility Lenders have a security interest attaching to the Hedging Arrangements; and

(b) granting all other relief that this Court determines is just and proper.

## RESERVATION OF RIGHTS

Sovereign reserves its rights to assert by amendment or otherwise all other rights and claims it may possess under the Servicing Facility Loan and Security Agreement and all related documents.

Dated: January 13, 2011                           Respectfully submitted,

/s/ Robert A. Soriano
Robert A. Soriano (FBN 445002)
Email: sorianor@gtlaw.com
Christopher Torres (FBN 716731)
Email: torresc@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 East Twiggs Street, Suite 100
Tampa, Florida  33602
Telephone:  813.318.5700
Facsimile: 813.318.5900

*Attorneys for Sovereign Bank, as Agent*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer and Counterclaims has been served this 13th day of January, 2011 to all attorneys who have appeared in this case via CM/ECF Electronic Noticing and by U.S. Mail to:

Taylor Bean & Whitaker Mortgage Corp.
4901 Vineland Road, Suite 120
Orlando, FL  32811

Jeffrey W. Kelley
J. David Dantzler, Jr.
Troutman Sanders, LLP
600 Peachtree Street, Suite 5200
Atlanta, GA  30308-2216

Russell M. Blain
Edward J. Peterson,
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, FL  33602

/s/ Robert A. Soriano
Attorney

*TPA511,508,081*