**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **TAYLOR, BEAN & WHITAKER MORTGAGE CORP., REO SPECIALISTS, LLC, and HOME AMERICA MORTGAGE, INC.,** | **Case No. 3:09-bk-07047-JAF Case No. 3:09-bk-10022-JAF Case No. 3:09-bk-10023-JAF** |
| Debtors. | **Jointly Administered Under Case No. 3:09-bk-07047-JAF** |
| **TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,** Plaintiff, v. **SOVEREIGN BANK,** Defendant. | **Adversary Proceeding No. 3:10-ap-00644-JAF** |

### TAYLOR, BEAN & WHITAKER MORTGAGE CORP.'S ANSWER TO SOVEREIGN'S COUNTERCLAIMS

Taylor, Bean & Whitaker Mortgage Corp. ("**TBW**"), by its undersigned attorneys, hereby files its Answer (this "**Answer**") to the Counterclaims for Declaratory Judgment filed by Sovereign Bank ("**Sovereign**") on January 13, 2011 [Dkt. No. 4] (the "**Counterclaim**").

TBW responds to the individually numbered paragraphs of the Counterclaim as follows:

### BACKGROUND OF LOAN AND SECURITY INTEREST

1.     Denied.  While TBW admits entering into the Sixth Amended and Restated Servicing Facility Loan and Security Agreement dated as of May 15, 2009 (the "**Agreement**"), the Agreement does not, as incorrectly alleged by Sovereign, "provide for the extension of a

revolving line of credit," and TBW did not borrow money under the Agreement "on a revolving basis."

2.　　Denied.  Further responding to paragraph 2 of the Counterclaim, TBW states that the Agreement speaks for itself as to its terms and conditions.

3.　　Denied.  Further responding to paragraph 3 of the Counterclaim, TBW states that the Agreement speaks for itself as to its terms and conditions.

4.　　Denied.

5.　　Denied; admitted only that TBW did not grant to the Servicing Facility Lenders (as that term is defined in the Counterclaim) a security interest in the Excepted Collateral (as that term is defined in the Counterclaim).

6.　　Denied.

7.　　Denied; admitted only that the Servicing Facility Lenders recorded certain UCC financing statements, which documents speak for themselves.

8.　　Denied.

9.　　Denied.

10.　　Admitted.

11.　　Admitted.

12.　　Denied.  Further responding to paragraph 12 of the Counterclaim, TBW states that, as of the Petition Date, certain items of property described in section 4.2(a) of the Agreement constituted property of TBW's estate.

13.　　Admitted.

14.　　No answer is required.

**COUNT I**
**(Judgment Declaring the Validity and Extent of the Security Interest in
Servicing Fees and Rights for Freddie Mac Mortgages)**

15.     In response to paragraph 15, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

16.     Denied; admitted only that the estate claims a property interest in and to all mortgage servicing fees and rights with respect to all mortgage loans serviced for the Federal Home Loan Mortgage Corporation ("**Freddie Mac**") by TBW (the "**Freddie Mac MSRs**").

17.     Denied; the Agreement speaks for itself as to its terms and conditions.

18.     Denied.

19.     Denied.

20.     Denied.

**COUNT II**
**(Judgment Declaring the Validity and Extent of the Security Interest in
Reimbursed Servicer Advances Paid with Respect to Mortgages Serviced for
Freddie Mac)**

21.     In response to paragraph 21, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

22.     Denied; admitted only that the estate claims a right of reimbursement for all advances of principal and interest, taxes, and insurance paid on behalf of mortgage loan borrowers on account of mortgages TBW serviced for Freddie Mac.

23.     Denied; the Agreement speaks for itself as to its terms and conditions.

24.     Denied.

25.     Denied.

## COUNT III
### (Judgment Declaring the Validity and Extent of the Security Interest in Servicing Fees and Rights for Ginnie Mae Mortgages)

26.     In response to paragraph 26, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

27.     Denied; admitted only that the estate claims a property interest in and to all mortgage servicing fees and rights with respect to all mortgage loans serviced for the Government National Mortgage Association ("**Ginnie Mae**") by TBW (the "**Ginnie Mae MSRs**").

28.     Denied; the Agreement speaks for itself as to its terms and conditions.

29.     Denied.

30.     Denied.

31.     Denied.

## COUNT IV
### (Judgment Declaring the Validity and Extent of the Security Interest in Reimbursed Servicer Advances Paid with Respect to Mortgages Serviced for Ginnie Mae)

32.     In response to paragraph 32, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

33.     Denied; admitted only that the estate claims a right of reimbursement for all advances of principal and interest, taxes, and insurance paid on behalf of mortgage loan borrowers on account of mortgages TBW serviced for Ginnie Mae.

34.     Denied; the Agreement speaks for itself as to its terms and conditions.

35.     Denied.

36.     Denied.

## COUNT V
### (Judgment Declaring the Validity and Extent of the Security Interest in Servicing Fees and Rights for Wells Fargo Mortgages)

37.     In response to paragraph 37, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

38.     Denied; admitted only that the estate claims a property interest in and to all mortgage servicing fees and rights with respect to all mortgage loans serviced for Wells Fargo Bank, N.A. ("**Wells Fargo**") by TBW (the "**Wells Fargo MSRs**").

39.     Denied.

40.     TBW denies that the Servicing Facility Lenders have any security interest whatsoever in and to the Wells Fargo MSRs.  TBW denies any remaining averments in paragraph 40 of the Counterclaim.

41.     Admitted.

42.     Admitted.

## COUNT VI
### (Judgment Declaring the Validity and Extent of the Security Interest in Reimbursed Servicer Advances Paid with Respect to Mortgages Serviced for Wells Fargo)

43.     In response to paragraph 43, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

44.     Denied; admitted only that the estate claims a right of reimbursement for all advances of principal and interest, taxes, and insurance paid on behalf of mortgage loan borrowers on account of mortgages TBW serviced for Wells Fargo.

45.     Denied.

46.     Admitted.

47.     Admitted.

## COUNT VII
### (Judgment Declaring the Validity and Extent of the Security Interest in Proceeds of the Wells Fargo Mortgage Servicing Rights Settlement)

48.     In response to paragraph 48, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

49.     Denied; admitted only that the estate claims a right to the proceeds of the Wells Fargo MSRs and the Wells Fargo Servicer Advances, including the Wells Fargo Mortgage Servicing Rights Settlement (as that term is defined in the Counterclaim).

50.     Denied.

51.     Admitted.

52.     Admitted.

## COUNT VIII
### (Judgment Declaring the Validity and Extent of the Security Interest in Servicing Fees and Rights for Other Private Label Mortgages)

53.     In response to paragraph 53, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

54.     Denied; admitted only that the estate claims a property interest in and to all mortgage servicing fees and rights with respect to all mortgage loans serviced for entities other than Freddie Mac, Ginnie Mae, and Wells Fargo ("**Private Labels**") by TBW (the "**Private Label MSRs**").

55.     Denied.

56.     TBW denies that the Servicing Facility Lenders have any security interest whatsoever in and to the Private Label MSRs.  TBW denies any remaining averments in paragraph 56 of the Counterclaim.

57.     Admitted.

58.     Admitted.

2246879v1

## COUNT IX
### (Judgment Declaring the Validity and Extent of the Security Interest in Reimbursed Servicer Advances Paid with Respect to Mortgages Serviced for Private Label)

59.     In response to paragraph 59, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

60.     Denied; admitted only that the estate claims a right of reimbursement for all advances of principal and interest, taxes, and insurance paid on behalf of mortgage loan borrowers on account of mortgages TBW serviced for Private Labels.

61.     Denied.

62.     Admitted.

63.     Admitted.

## COUNT X
### (Judgment Declaring the Validity and Extent of the Security Interest in Hedging Arrangements)

64.     In response to paragraph 64, TBW adopts and incorporates by reference its answers to paragraphs 1-14 above as if fully set forth herein.

65.     Denied; admitted only that the estate claims a right of reimbursement for hedging arrangements entered into by TBW to protect itself against changes in interest rates or the market value of assets.

66.     Denied.

67.     Admitted.

68.     Admitted.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim and each Count thereof, fails to state a claim against TBW upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By failing to include Wells Fargo or any other Private Labels on Schedule 3 of the Agreement, Sovereign and the Servicing Facility Lenders waived their alleged right to assert any security interest in any mortgage servicing contracts, mortgage servicing rights, hedging arrangements, or related rights involving servicing contracts with Wells Fargo or any other Private Labels.

## THIRD AFFIRMATIVE DEFENSE

By failing to include Wells Fargo or any other Private Labels on Schedule 3 of the Agreement, Sovereign and the Servicing Facility Lenders are estopped from asserting any security interests in any mortgage servicing contracts, mortgage servicing rights, hedging arrangements, or related rights involving servicing contracts with Wells Fargo or any other Private Labels.

## FOURTH AFFIRMATIVE DEFENSE

TBW, as a debtor-in-possession and hypothetical judgment creditor (11 U.S.C § 544(a)), is not bound by any alleged evidence or course of conduct not clearly set forth in the Agreement with respect to the alleged extent of the Servicing Facility Lenders' security interest under the Agreement.

## FIFTH AFFIRMATIVE DEFENSE

The grant of security interests set forth in the Agreement is clear and unambiguous, and Sovereign is barred by the parol evidence rule from seeking to introduce any extrinsic evidence as to the alleged extent of the security interests.

## RESERVATION OF RIGHTS

TBW reserves its rights to assert by amendment or otherwise all other defenses it may possess under the Agreement, at law, in equity, or otherwise.

Dated: February 10, 2011.

*/s/ Jeffrey W. Kelley*

Jeffrey W. Kelley (Ga. Bar No. 412296)
jeffrey.kelley@troutmansanders.com
J. David Dantzler, Jr. (Ga. Bar No. 205125)
j.dantzler@troutmansanders.com
**TROUTMAN SANDERS LLP**
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
**SPECIAL COUNSEL TO DEBTORS**

*—AND—*

Russell M. Blain (Fla. Bar No. 0236314)
rblain@srbp.com
Edward J. Peterson, III (Fla. Bar No. 0014612)
epeterson@srbp.com
**STICHTER, RIEDEL, BLAIN & PROSSER P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
**ATTORNEYS FOR DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Sovereign's Counterclaims has been served this 10th day of February, 2011, to all attorneys who have appeared in this case via CM/ECF Electronic Noticing and by U.S. Mail to:

Robert A. Soriano
Christopher Torres
Greenberg Traurig, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida 33602

/s/ Jeffrey W. Kelley