# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| **In re:** | Chapter 11 |
| **TAYLOR, BEAN & WHITAKER MORTGAGE CORP., REO SPECIALISTS, LLC, and HOME AMERICA MORTGAGE, INC.,** | Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF |
| **Debtors.** | **Jointly Administered Under**<br>**Case No. 3:09-bk-07047-JAF** |
| **TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,** | |
| **Plaintiff,** | **Adversary Proceeding**<br>**No. 3:10-ap-00644-JAF** |
| **v.** | |
| **SOVEREIGN BANK,** | |
| **Defendant.** | |

## SCHEDULING ORDER

Taylor Bean & Whitaker Mortgage Corp. ("**TBW**") and Sovereign Bank ("**Sovereign**" together with TBW, the "**Parties**"), hereby submit this Scheduling Order, and, in support thereof, aver the following:

1.    On August 24, 2009, TBW filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

2.    On December 30, 2010, TBW commenced the above-captioned adversary proceeding by filing a Complaint [Dkt. No. 1] against Sovereign (the "**Adversary Proceeding**"). The Complaint is for declaratory judgment to determine the extent of Sovereign's liens on certain assets of TBW's estate.

3.    On January 13, 2011, Sovereign filed its Answer and Counterclaims [Dkt. No. 4] in which it counterclaimed for declaratory judgment regarding the extent of its liens on certain assets of TBW's estate.

4.    On February 10, 2011, TBW filed its Answer to Sovereign's Counterclaims [Dkt. No. 7].

5.    The Parties have engaged in preliminary settlement discussions but have been unable to reach a resolution at this time.  The Parties, however, remain amenable to an early mediation of the claims and defenses and are willing to fully explore the possibility of settlement before incurring substantial expense in litigating this matter.

6.    In the meanwhile, the Parties have agreed to proceed with discovery and other pre-trial matters on the terms set forth in this Scheduling Order.

**NOW, THEREFORE**, the Parties hereby request the Court to approve the following Pretrial Schedule:

(A)    Unless otherwise agreed to by the parties and approved by the Court, the Parties shall exchange their Initial Disclosures as detailed in Bankruptcy Rule 7026(a)(1) on or before **March 23, 2011**.

(B)    Unless otherwise agreed by the Parties and approved by the Court, discovery (except for expert witness depositions) shall be completed on or before **July 29, 2011**.

    (i)    The Parties reserve the right to file a Motion for Protective Order, as provided for under the Rules of Civil Procedure,

(ii) The Parties must attempt, in good faith, to resolve all discovery disputes between the Parties before bringing any motion before the Court, and any such motion must recite that good faith efforts to resolve the dispute were undertaken, but were unsuccessful.

(C) The Parties' expert disclosures, if any, shall be made 60 days before the close of the discovery period. Expert rebuttal disclosures, if any, shall be made 30 days before the close of discovery. The Parties agree not to conduct any depositions of expert witnesses until after the Court's ruling on any dispositive motions filed in this case. The depositions of expert witnesses, if any, shall be conducted within 90 days of the Court's ruling on the dispositive motions, if any, filed in this case. The parties may otherwise engage in discovery concerning expert witnesses during the discovery period.

(D) Within 60 days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

(E) Unless otherwise agreed to by the parties, all dispositive motions shall be filed on or before **August 31, 2011**.

(F) The above dates may be modified by consent of the Parties without need for further order of this Court.

(G) The Parties shall promptly notify Chambers upon the settlement, dismissal, or other resolution of this Adversary Proceeding and the Parties shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Parties shall promptly advise

Chambers, in writing, of any occurrence or circumstance which the Parties believe may suggest or necessitate the adjournment or other modification of the trial setting.

(H)     The Bankruptcy Court shall conduct a further status conference on _August 3, 2011_ , at _2:30_ _p_.m., which status conference shall be for the purpose of (i) scheduling a pre-trial conference to schedule a date and time of trial, and (ii) addressing such other issues as the Bankruptcy Court or the parties deem necessary and appropriate.

DATED this _28_ th day of March, 2011 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge