UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>TAYLOR, BEAN & WHITAKER<br>MORTGAGE CORP., *et al.*,<br><br>                Debtors.<br>_____/ | Chapter 11<br><br>Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF<br><br>Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,<br><br>                Plaintiff,<br><br>v.<br><br>SOVEREIGN BANK,<br><br>                Defendant.<br>_____/ | Adversary Proceeding<br>Case No. 3:10-ap-00644-JAF |

## *UNOPPOSED* **MOTION TO INTERVENE**

The Official Committee of Unsecured Creditors ("Committee") moves for the entry of an order authorizing the Committee to intervene in the above-captioned adversary proceeding ("Adversary Proceeding") and states:

Intervention here is warranted under both Fed. R. Civ. P. 24(a)(2) and Fed. R. Civ. P. 24(b)(2), made applicable in this proceeding by Fed. R. Bankr. P. 7024.

Rule 24(a)(2) provides for intervention as of right when the movant claims an interest relating to the property or transaction which is the subject of the action, and the disposition of the action may as a practical matter impair or impeded the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties. Fed. R. Civ. P.

24(a)(2).  Because the award of any monies in the Adversary Proceeding will impact the Committee, the Committee is collectively a real party in interest.

Furthermore, permissive intervention is appropriate pursuant to Fed. R. Civ. P. 24(b)(1) which provides that upon a timely application anyone may be permitted to intervene in an action when the applicant has a claim or defense that shares with the main action a common question of law or fact.  In exercising its discretion, the Court, pursuant to Fed. R. Civ. P. 24(b)(3), must consider whether the intervention sought will "unduly delay or prejudice the adjudication of the original parties' rights."  The outcome of the Adversary Proceeding may have a material impact on the distribution to a certain class or classes of creditors and intervention by the Committee will neither delay or prejudice the existing parties' rights.   The proceedings are at a preliminary stage and, other than the complaint and answer, no motions or pleadings have been filed.  Further, counsel for the Committee has conferred with counsel for the Debtor who did not object to the Committee's intervention.

WHEREFORE, the Committee respectfully requests that the Court enter an Order authorizing its intervention in this Adversary Proceeding pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, Fed. R. Civ. P. 24(b)(1), and granting further relief as may be just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Middle District of Florida and that I am in compliance with all additional qualifications to practice before this Court as set forth in Local Rule 2090-1.

Dated: April 4, 2011

BERGER SINGERMAN
*Attorneys for Official Committee of Unsecured Creditors*
200 South Biscayne Boulevard, Suite 1000
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ David L. Gay*
David L. Gay
Florida Bar No. 839221
dgay@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system to those parties on the attached Service List on April 4, 2011.

By: */s/ David L. Gay*
David L. Gay

## SERVICE LIST

**Jeffrey W Kelley**
Troutman Sanders LLP
600 Peachtree Street
Suite 5200
Atlanta, GA 30308-2216

**Robert A. Soriano**
Greenberg Traurig, P.A.
625 East Twiggs Street
Suite 100
Tampa, FL 33602

3345666-1