# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                                   Chapter 11

TAYLOR BEAN & WHITAKER                    Case No. 3:09-bk-07047-JAF
MORTGAGE CORP., REO SPECIALISTS,          Case No. 3:09-bk-10022-JAF
LLC, and HOME AMERICA MORTGAGE,           Case No. 3:09-bk-10023-JAF
INC.,

                                          Jointly Administered Under
     Debtors.                             Case No. 3:09-bk-07047-JAF
_____/

TAYLOR BEAN & WHITAKER
MORTGAGE CORP.,

     Plaintiff,

v.                                                       Adv. Proc. No. 3:10-ap-00644-JAF

SOVEREIGN BANK,

     Defendant.
_____/

## SOVEREIGN BANK'S RESPONSE IN OPPOSITION TO
## UNSECURED CREDITORS' COMMITTEE'S MOTION TO INTERVENE

Sovereign Bank ("Sovereign") opposes the Unsecured Creditors' Committee's *Unopposed* Motion to Intervene (Doc. 13).[1]  The Court should deny the Motion to Intervene because the Committee has failed to lay any predicate supporting its request, or apprise the Court or the parties of its intended claims or defenses, as required by the plain language of Rule 24.

---

[1] The Committee mistakenly entitled the Motion to Intervene as "Unopposed." It did not, however, seek Sovereign's consent to the requested intervention, and Sovereign provided no such consent.

## PROCEDURAL BACKGROUND

1.      On December 30, 2010, Taylor Bean & Whitaker Mortgage Corp. ("TBW") filed its Complaint to Determine Extent of Liens (Doc. 1; the "Complaint") alleging counts for declaratory judgment regarding the extent of Sovereign's liens against TBW under the Sixth Amended and Restated Servicing Facility Loan and Security Agreement (the "Agreement").

2.      On January 31, 2011, Sovereign filed its Answer and Counterclaims (Doc. 4; the "Answer") denying TBW's allegations and bringing ten counts for declaratory judgment against TBW in connection with the Agreement.

3.      Neither the Complaint nor the Answer request monetary damages.

## ARGUMENT[2]

4.      The party seeking to intervene bears the burden of proving that the court should grant its motion.  *See In re 8699 Biscayne, LLC*, Adv. No. 08–01749–AJC, 2009 WL 3617456, *3 (Bankr. S.D. Fla. Oct. 26, 2009).  The Committee has failed to meet this burden.

5.      The Court should deny the Motion to Intervene because the Committee (a) fails to provide any basis that could support its intervention as of right, (b) fails to provide any basis that could support its permissive intervention, and (c) fails to attach any pleading setting out its claims or defenses.

---

[2] Motions to intervene in adversary proceedings are governed by Rule 24 of the Federal Rules of Civil Procedure.  *See* Fed. R. Bankr. P. 7024.

A.    **The Committee Has Failed to Demonstrate That it May Intervene as of Right Under Rule 24(a)**

10.    Under Rule 24(a)(2), a moving party seeking to intervene as a matter of right <u>must</u> show that (1) it has a direct, substantial, and legally protectable interest in the subject matter of the litigation, (2) it is so situated that disposition of the action may impede or impair its ability to protect that interest, and (3) the existing parties cannot adequately represent that interest.  *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *Loyd v. Alabama Dep't of Corrections*, 176 F.3d 1336, 1339 (11th Cir. 1999) (such interest must be a "direct, substantial, legally protectable interest").

11.    In support of its request to intervene as a matter of right, the Committee asserts that "the award of any monies in the Adversary Proceeding will impact the Committee," and, therefore, "is collectively a real party interest."  Motion to Intervene at 2. Both the Complaint and the Answer could not be more clear, however – TBW and Sovereign only seek declaratory relief, so there is unlikely to be any "award of . . . monies."

12.    In addition, as in any bankruptcy, TBW has a fiduciary duty here to protect the interests of the creditors, which makes the Committee's intervention in this adversary proceeding redundant and unnecessarily expensive to the creditors themselves.

13.    Furthermore, the Committee does not otherwise articulate any additional direct, substantial, and legally protectable interest that it may have in this adversary proceeding that TBW cannot adequately represent.  Therefore, the Committee has failed to demonstrate that it may intervene as of right under Rule 24(a)(2).

C.    **The Committee Has Further Failed to Demonstrate that it Should be Permitted to Intervene Under Rule 24(b)**

14.    The Committee alternatively seeks permissive intervention under Rule 24(b)(2), under which a moving party <u>must</u> show that its claim or defense and the main action have a common question of law or fact.  *See Chiles*, 865 F.2d at 1213.  In addition, Rule 24(c) contains a procedural requirement that any motion to intervene "must state the grounds for intervention."

15.    In support of its request for permissive intervention, the Committee merely asserts that the "outcome of the Adversary Proceeding *may* have an material impact on the distribution to a certain class or classes of creditors and intervention by the Committee will neither delay or prejudice the existing parties' rights."  Motion to Intervene at 2 (emphasis added).  This argument fails to demonstrate that the Committee's claims or defenses – whatever they might be – and the issues raised in the adversary proceeding have common questions of law or fact.  And it falls far short of Rule 24(c)'s procedural requirement because it fails to sufficiently identify the grounds for intervention.  Therefore, the Court should deny the Committee's request to intervene under Rule 24(b)(2).  *See Int'l Paper Co., Inc. v. QBE Ins. Corp.*, No. 3:09-cv-347-WKW, 2010 WL 1294118, *2 (M.D. Ala. March 31, 2010) (court denied motion to intervene because the proposed intervenor's statement that its interests "might be affected" was "insufficient").

D.    **The Motion to Intervene is Not Accompanied by a Pleading that Sets Out the Committee's Claims or Defenses, as Required by Rule 24(c)**

16.    Rule 24(c) requires that a motion to intervene <u>must</u> also "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  The purpose of

this requirement "is to place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor." *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996).[3]

17.    The Committee ignored this express requirement of Rule 24(c) and failed to attach any pleading stating its intended claims or defenses.  In fact, the Motion to Intervene does not even state whether the Committee would intervene as a plaintiff or defendant in this adversary proceeding.

18.    Consequently, Sovereign cannot adequately respond to the Motion to Intervene because it does not know what claims or defenses the Committee would bring if the Court permitted its intervention.  Therefore, the Court should deny the Motion to Intervene.

## CONCLUSION

19.    In filing the Motion to Intervene, the Committee has ignored the requirements of Rule 24 and, as a result, Sovereign has been deprived of any meaningful opportunity to respond to it.

20.     Presumably, the Committee would explain the basis for its motion at a hearing.  Nonetheless, Sovereign respectfully requests that the Motion to Intervene be denied at this time because, at present, without any understanding of the basis for its motion, Sovereign cannot reasonably prepare for any such hearing.

---

[3] An attached pleading is "an essential part" of the motion to intervene because, without it, the court "will be unable to evaluate a motion to intervene, and the existing parties will be unable to make a meaningful response to the motion, unless they know exactly what claims or defenses the movant proposes to bring to the lawsuit." 6-24 *Moore's Federal Practice - Civil* § 24.20.

21.     Therefore, Sovereign respectfully requests that the Court deny the Motion to Intervene.

Dated: April 7, 2011                              Respectfully submitted,


                                                  /s/ Robert A. Soriano
                                                  Robert A. Soriano (FBN 445002)
                                                  sorianor@gtlaw.com
                                                  Christopher Torres (FBN 716731)
                                                  torresch@gtlaw.com
                                                  **GREENBERG TRAURIG, P.A.**
                                                  625 East Twiggs Street, Suite 100
                                                  Tampa, Florida  33602
                                                  Telephone:  813.318.5700
                                                  Facsimile: 813.318.5900

                                                  *Attorneys for Sovereign Bank*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Response in Opposition to Unsecured Creditors' Committee's Unopposed Motion to Intervene has been served this 7th day of April, 2011 to all attorneys who have appeared in this case via CM/ECF Electronic Noticing and by U.S. Mail to:

Taylor Bean & Whitaker Mortgage Corp.
4901 Vineland Road, Suite 120
Orlando, FL  32811

Jeffrey W. Kelley
J. David Dantzler, Jr.
Troutman Sanders, LLP
600 Peachtree Street, Suite 5200
Atlanta, GA  30308-2216

Russell M. Blain
Edward J. Peterson
Stichter, Riedel, Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, FL  33602

David L. Gay
Berger Singerman
200 South Biscayne Boulevard, Suite 1000
Miami, FL  33131

/s/ Robert A. Soriano
Attorney