UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP., *et al.,*

        Debtors.

_____/

TAYLOR, BEAN & WHITAKER MORTGAGE
CORP.,

        Plaintiff,

v.

SOVEREIGN BANK,

        Defendant.

_____/

Chapter 11

Case No. 3:09-bk-07047-JAF
Case No. 3:09-bk-10022-JAF
Case No. 3:09-bk-10023-JAF

Jointly Administered Under
Case No. 3:09-bk-07047-JAF

Adversary Proceeding
Case No. 3:10-ap-00644-JAF

## REPLY TO SOVEREIGN BANK'S RESPONSE IN OPPOSITION TO UNSECURED CREDITORS' COMMITTEE'S MOTION TO INTERVENE

The Official Committee of Unsecured Creditors ("Committee") replies to Sovereign Bank's response in opposition to the Committee's motion to intervene in this matter as follows:

### Introduction

1.      On December 20, 2010, Taylor Bean & Whitaker Mortgage Corp. ("TBW" or the "Debtor") filed its complaint in this matter against Defendant, Sovereign Bank (the "Complaint"). [D.E. 1]. In the Complaint TBW seeks a determination of the extent of Sovereign Bank's lien rights regarding certain servicing contracts and hedging arrangements to which TBW was a party.

2.      On January 13, 2011, Sovereign Bank ("Sovereign") filed its answer and asserted an affirmative defense and a ten count counterclaim (the "Counterclaim").  [D.E. 4].  In the Counterclaim, Sovereign seeks a declaration and order that Sovereign has a security interest attaching to certain servicing contracts, servicer advances, hedging arrangements and the proceeds of certain settlements.

3.      On April 4, 2011, the Committee filed its Motion to Intervene in this matter (the "Motion to Intervene").  [D.E. 13].

4.      In the Motion to Intervene, the Committee claims a right to intervene in this matter both as a matter of right under Bankruptcy Rule 7024(a), and pursuant to the permissive intervention provisions of Rule 7024(b).  The Committee asserts that because the outcome in this matter will determine the extent to which Sovereign may enforce liens against assets of the Debtor, the Committee has an interest in this matter.

5.      On April 7, 2011, Sovereign filed its Response in Opposition to the Motion to Intervene (the "Response in Opposition").  [D.E. 15].  Sovereign claims that the Committee failed to adequately support its request or apprise the Court or the parties of its intended claims or defenses.

## Argument

6.      Despite Sovereign's opposition, the Committee's intervention in this matter is clearly warranted under both Rule 7024(a) and (b).

7.      Rule 24(a)(2) recognizes that a party is entitled to intervene as a matter of right where that party claims an interest relating to the property or transaction which is the subject of the action, and the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest.  The Committee asserts that the Committee has exactly

such an interest in this matter. Whether Sovereign is permitted to extend its security interest to all of the assets referenced in the Counterclaim will necessarily affect whether such assets are otherwise available for distribution to creditors in this case. Accordingly, whether or not there is an award of money is this proceeding, it is clear that the Committee claims an interest relating to the property or transaction which is the subject of this action.

8.      Moreover, a number of courts have recognized that, based on Bankruptcy Code Section 1109, certain parties, including creditors' committees, have an absolute right to intervene in adversary proceedings. *See Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F. 3d 161, 166 (2d Cir. 2002)(reversing bankruptcy and district court orders denying a committee's right to intervene and holding that committee had unconditional statutory right as a party in interest to intervene); *Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006)(recognizing that because the authorization provided by Section 1109(b) to appear and be heard on "any issue in a case" extends to adversary proceedings pending in the main bankruptcy case, an entity's status as a "party in interest" grants that entity an unconditional right to intervene); *Gleason v. Commonwealth Cont'l Health Care (In re Golden Glades Reg'l Med. Ctr.)*, 174 B.R. 813 (Bankr. S.D. Fla. 1992).

9.      Further, even if the Committee were not entitled to intervention as a matter of right, the Committee is entitled to permissive intervention under Rule 7024(b). The Committee is certainly entitled to ensure that distributions to creditors are not affected by any attempts by Sovereign to unjustifiably expand the security interests described in the Complaint and Counterclaim. Clearly this interest is similar to the Plaintiff's interests implicit in the Complaint and, therefore, the Committee has a claim that shares with Plaintiff's claims in the main action "a

common question of law or fact."

10.      Sovereign also claims that because the Committee did not attach a pleading to the Motion to Intervene, the intervention should be denied.  Even if a pleading were otherwise required where a party is entitled to intervene as a matter of right, it has been recognized that denying intervention for the failure to attach a pleading, at most a procedural defect, would improperly advocate form over substance.  *See Anderson v. HSN, LP (In re Donovan)*, 2004 WL 5848453 at *4 (Bankr. N.D. Ga. Sept. 27, 2004).

11.      To the extent that Sovereign is legitimately unclear as to the Committee's position regarding this matter, the Committee's interest is in preventing Sovereign from unjustifiably claiming lien rights beyond those provided in the relevant security interests described in the Complaint.

12.      Accordingly, even if the Court were to give credence to Sovereign's claims regarding the Committee's intervention, the Court would be justified in joining the Committee as a party in interest.  *See Id.* (recognizing that even where intervention might not be appropriate, treating the motion to intervene as a motion to join and granting such joinder was warranted).

13.      Lastly, Sovereign has not expressed how intervention by the Committee would either unduly delay this proceeding or prejudice its rights in any way.

## Conclusion

For the reasons set forth above, the Committee maintains that it is entitled to intervention as a matter of right under Rule 7024(a), and permissive intervention under Rule 7024(b). Sovereign has not articulated a single substantive reason why the Court should deny intervention and the Debtor has no opposition to such intervention.  Therefore, the Committee respectfully requests that the Court grant the Motion to Intervene.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Middle District of Florida and that I am in compliance with all additional qualifications to practice before this Court as set forth in Local Rule 2090-1.

Dated: April 14, 2011

> BERGER SINGERMAN
> *Attorneys for Official Committee of Unsecured Creditors*
> 200 South Biscayne Boulevard, Suite 1000
> Miami, Florida 33131
> Telephone: (305) 755-9500
> Facsimile:  (305) 714-4340
>
> By:   /s/ David L. Gay
>       David L. Gay
>       Florida Bar No. 839221
>       dgay@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system to those parties on the attached Service List on April 14, 2011.

> By:   /s/ David L. Gay
>       David L. Gay

## SERVICE LIST

**Jeffrey W Kelley**
Troutman Sanders LLP
600 Peachtree Street
Suite 5200
Atlanta, GA 30308-2216

**Robert A. Soriano**
Greenberg Traurig, P.A.
625 East Twiggs Street
Suite 100
Tampa, FL 33602

3605817