UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Chapter 11

TAYLOR, BEAN & WHITAKER MORTGAGE
CORP., *et al.,*

Case No. 3:09-bk-07047-JAF
Case No. 3:09-bk-10022-JAF

Debtors.

Case No. 3:09-bk-10023-JAF

Jointly Administered Under
Case No. 3:09-bk-07047-JAF

_____/

TAYLOR, BEAN & WHITAKER MORTGAGE
CORP.,

Adversary Proceeding
Case No. 3:10-ap-00644-JAF

Plaintiff,

v.

SOVEREIGN BANK,

Defendant.

_____/

**AMItED MOTION TO INTERVENE OR,**
**IN THE ALTERNATIVE, MOTION FOR JOINDER**

The Official Committee of Unsecured Creditors ("Committee") moves for the entry of an

order authorizing the Committee to intervene or, in the alternative joining the Committee as a

party plaintiff in the above-captioned adversary proceeding ("Adversary Proceeding") and states:

**Introduction**

1.      On December 20, 2010, Taylor Bean & Whitaker Mortgage Corp. ("TBW" or the

"Debtor") filed its complaint in this matter against Defendant, Sovereign Bank (the

"Complaint"). [D.E. 1]. In the Complaint TBW seeks a determination of the extent of Sovereign

Bank's lien rights regarding certain servicing contracts and hedging arrangements to which TBW

was a party.

2.     On January 13, 2011, Sovereign Bank ("Sovereign") filed its answer and asserted an affirmative defense and a ten count counterclaim (the "Counterclaim"). [D.E. 4]. In the Counterclaim Sovereign seeks a declaration and order that Sovereign has a security interest attaching to certain servicing contracts, servicer advances, hedging arrangements and the proceeds of certain settlements.

3.     On April 4, 2011, the Committee filed its Motion to Intervene in this matter (the "Motion to Intervene"). [D.E. 13].

4.     On April 7, 2011, Sovereign filed its Response in Opposition to the Motion to Intervene (the "Response in Opposition"). [D.E. 15].

5.     On April 13, 2011, the Court entered an order denying the Motion to Intervene without prejudice to the Committee amending the motion regarding the legal grounds supporting intervention. [D.E. 16].

## Argument and Authorities

6.     The Committee asserts that intervention here is warranted under Federal Rule of Civil Procedure 24(a)(1), (2), and (b)(2), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7024.

7.     Rule 24(a)(1) provides that the court must permit any party to intervene where such party is given an unconditional right to intervene by a federal statute.

8.     Bankruptcy Code Section 1109 provides that, as a party in interest, a creditors' committee has a right to be heard on any issue in a Chapter 11 case. A number of courts have recognized that based on this right, creditors' committees have an absolute right to intervene in adversary proceedings. *See Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor*

*Corp.)*, 303 F.3d 161, 166 (2d Cir. 2002)(reversing bankruptcy and district court orders denying a committee's right to intervene and holding that committee had unconditional statutory right as a party in interest to intervene); *Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006)(recognizing that because the authorization provided by Section 1109(b) to appear and be heard on "any issue in a case" extends to adversary proceedings pending in the main bankruptcy case, an entity's status as a "party in interest" grants that entity an unconditional right to intervene); *Gleason v. Commonwealth Cont'l Health Care (In re Golden Glades Reg'l Med. Ctr.)*, 174 B.R. 813 (Bankr. S.D. Fla. 1992). Therefore, as a party in interest in this case, the Committee has an absolute right to intervene in this proceeding.

9. Further, Rule 24(a)(2) recognizes that a party is entitled to intervene as a matter of right where that party claims an interest relating to the property or transaction which is the subject of the action, and the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest. The Committee asserts that it has exactly such an interest in this matter. Whether Sovereign is permitted to extend its security interest to all of the assets referenced in the Counterclaim will necessarily affect whether such assets are otherwise available for distribution to creditors in this case. Accordingly, it is clear that the Committee claims an interest relating to the property or transaction which is the subject of this action.

10. Moreover, even if the Committee were not entitled to intervention as a matter of right, the Committee is entitled to permissive intervention under Rule 24(b). Rule 24(b)(1) provides that, upon a timely application, anyone may be permitted to intervene in an action when the applicant has a claim or defense that shares with the main action a common question of law or fact. The Committee is entitled to ensure that distributions to creditors are not affected by any

attempts by Sovereign to unjustifiably expand the security interests described in the Complaint and Counterclaim. Clearly this interest is similar to the Plaintiff's interests implicit in the Complaint. Therefore, the Committee has a claim that shares with Plaintiff's claims in the main action "a common question of law or fact."

11.     In exercising its discretion under Rule 24(b), the Court must consider whether the intervention will "unduly or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). There is no indication whatsoever that intervention by the Committee will delay this proceeding. The proceedings are at a preliminary stage and, other than the Motion to Intervene and the complaint, answer, counterclaim, and response to the counterclaim, no motions or pleadings have been filed. Similarly, intervention by the Committee will not prejudice the existing parties' rights – evidenced, in part, by the fact that the Debtor does not object to the Committee's intervention. Sovereign has not articulated how intervention by the Committee would possibly prejudice its rights.

12.     Regarding paragraph (c) of Rule 24, the claims and defenses which the Committee seeks to assert in this proceeding at this time are the same claims and defenses asserted by the Debtor.

13.     Accordingly, even if the Committee were not entitled to intervene, either as a matter of right or permissibly, the Court should join the Committee as a party plaintiff. *See Anderson v. HSN, LP (In re Donovan)*, 2004 WL 5848453 at *4 (Bankr. N.D. Ga. Sept. 27, 2004)(recognizing that even where intervention might not be appropriate, treating the motion to intervene as a motion to join and granting such joinder was warranted).

14.     For the reasons set forth above, the Committee maintains that it is entitled to intervention as a matter of right under Rule 7024(a), and permissive intervention under Rule

7024(b).  The Committee also respectfully submits that, even if such intervention were not warranted, the Committee is entitled to be joined a party plaintiff.

WHEREFORE, the Committee respectfully requests that the Court enter an Order authorizing its intervention in this Adversary Proceeding pursuant to Fed. R. Civ. P. 24(a)(1), Fed. R. Civ. P. 24(a)(2) or Fed. R. Civ. P. 24(b)(1), or alternatively, joining the Committee as a party plaintiff, and granting further relief as may be just and proper.

Dated: April 18, 2011

BERGER SINGERMAN
*Attorneys for Official Committee of Unsecured Creditors*
200 South Biscayne Boulevard, Suite 1000
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340


By:   */s/ David L. Gay*
     David L. Gay
     Florida Bar No. 839221
     dgay@bergersingerman.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system on April 18, 2011 to **Jeffrey W. Kelley**, *Troutman Sanders LLP*, 600 Peachtree Street Suite 5200, Atlanta, GA 30308-2216; and **Robert A. Soriano**, *Greenberg Traurig, P.A.*, 625 East Twiggs Street Suite 100, Tampa, FL 33602


By:   */s/ David L. Gay*
     David L. Gay


3612029