# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR BEAN & WHITAKER MORTGAGE CORP., REO SPECIALISTS, LLC, and HOME AMERICA MORTGAGE, INC., | Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF |
| Debtors._____/ | Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF |
| TAYLOR BEAN & WHITAKER MORTGAGE CORP., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 3:10-ap-00644-JAF |
| SOVEREIGN BANK, | |
| Defendant._____/ | |

### SOVEREIGN BANK'S RESPONSE IN OPPOSITION TO THE UNSECURED CREDITORS' COMMITTEE'S AMENDED MOTION TO INTERVENE OR FOR JOINDER

Sovereign Bank opposes the Unsecured Creditors' Committee's Motion to Intervene or, In the Alternative, Motion for Joinder (Doc. No. 19) (the "**Amended Motion to Intervene**"). First, the Court must deny the Amended Motion to Intervene because, despite the Committee's attempt to cure the deficiencies of its initial motion to intervene, the Committee still fails to demonstrate that intervention is appropriate. Second, the Court must also deny the Committee's alternative request for joinder because a non-party cannot be joined on its own motion.

TPA511,539,091

## PROCEDURAL BACKGROUND

1.  Taylor Bean & Whitaker Mortgage Corp. filed a Complaint to Determine Extent of Liens (Doc. No. 1) (the "**Complaint**") on December 30, 2010, alleging counts for declaratory judgment regarding the extent of Sovereign's liens against TBW under their Servicing Facility Loan and Security Agreement (the "**Agreement**").

2.  In its Answer and Counterclaims (Doc. No. 4), Sovereign denied TBW's allegations and brought ten counts for declaratory judgment against TBW in connection with the Agreement.

3.  On April 4, 2011, the Committee filed its first Motion to Intervene (Doc. No. 13).

4.  Sovereign opposed the Motion to Intervene (Doc. No. 15) arguing that the Committee did not meet its burden of establishing grounds for intervention because it (a) failed to articulate any direct, substantial, and legally protectable interest that it may have in this proceeding that TBW could not adequately represent, *see* Fed. R. Civ. P. 24(a)(2), (b) failed to demonstrate that the Committee's claims or defenses and the issues raised in the adversary proceeding have common questions of law or fact, *see* Fed. R. Civ. P. 24(b), and (c) failed to attach a pleading to its motion that set out its proposed claims or defenses, *see* Fed. R. Civ. P. 24(c).

5.  On April 13, 2011, this Court entered an Order (Doc. No. 16) denying the Committee's Motion to Intervene without prejudice and permitting it "to include greater specificity regarding the legal grounds supporting its intervention."

6.  The Committee, however, still fails to provide adequate legal grounds supporting its renewed request and intervention.

## ARGUMENT[1]

7.  Although the Committee's Amended Motion to Intervene arguably includes "greater specificity," it still falls far short of Rule 24's express requirements. Because the Committee has again (a) failed to provide any basis that could support its intervention as of right, (b) failed to demonstrate that Sovereign would not be prejudiced by its permissive intervention, and (c) failed to attach any pleading setting out its claims or defenses, the Court must again deny its request to intervene. In addition, the Court must deny the Committee's alternative prayer to interject itself under a theory of joinder because, as a matter of law, a non-party cannot be joined as a party on its own motion.

**I.    The Committee Has Failed to Demonstrate that it may Intervene as of Right Under Rule 24(a).**

8.  Under Rule 24(a)(1), intervention shall be granted if the moving party has "an unconditional right to intervene by a federal statute." The Committee argues that 11 U.S.C. § 1109(b), which states that a "party in interest, including . . . a creditors' committee . . . , may raise and may appear and be heard on any issue in a case under this chapter," provides such right. The Committee argues that because it is "a party in interest in this case," it has an "absolute" right to intervene. Amended Motion to Intervene at ¶ 8.

9.  The Committee overstates its case. First, while the Committee cites *In re Caldor Corp.*, 303 F.3d 161 (2d Cir. 2002), in support of its position, it fails to state that there is a circuit split regarding the intersection between Rule 24(a)(1) and § 1109(b). *Cf. Fuel Oil Supply and Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1287 (5th Cir. 1985)

---

[1] Motions to intervene in adversary proceedings are governed by Rule 24 of the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 7024. In addition, a party seeking to intervene bears the burden of proving that the court should grant its motion. *See In re 8699 Biscayne, LLC*, Adv. No. 08–01749–AJC, 2009 WL 3617456, *3 (Bankr. S.D. Fla. Oct. 26, 2009).

("we conclude that Congress did not create an absolute statutory right to intervene in bankruptcy adversary proceedings through § 1109(b)").[2] And there is no controlling Eleventh Circuit precedent.[3]

10. In *Fuel Oil*, the creditors' committee, after the court dismissed its adversary complaint, filed a motion to intervene as of right in a separate adversary proceeding under Rule 24(a)(1). *Fuel Oil*, 762 F.2d at 1283-84. In analyzing § 1109(b) together with the procedural rules governing intervention, the court found that the creditors' committee, although a "party in interest," did not have an absolute statutory right to intervene. *Id.* at 1286. First, the court explained that conferring an unconditional statutory right to intervene for private parties is rare and should be construed narrowly. *Id.* Second, the court emphasized that Congress has consistently drawn a distinction between a bankruptcy "case,"

---

[2] Only the Second and Third Circuits have found that an unsecured creditors' committee has an unconditional statutory right to intervene in an adversary proceeding sufficient to satisfy Rule 24(a)(1). *See Caldor*, 303 F.3d at 176; *Official Unsecured Creditors' Committee v. Michaels (In re Marin Motor Oil, Inc.)*, 689 F.2d 445, 449 (3d Cir. 1982). *But see Phar-mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1233 (3rd Cir. 1994) (questioning *Marin* and explaining that many courts have found that Congress did not intend to include adversary proceedings in its use of the term "case" in § 1109(b)).

The greater weight of authority, however, agrees with *Fuel Oil*. Courts from the Sixth and Tenth Circuits have followed the reasoning of *Fuel Oil*. *See Big Rivers Elec. Corp. v. NSA, Inc.*, 195 B.R. 664 (W.D. Ken. 1996) (no absolute right to intervene exists under § 1109(b)); *In re CVC, Inc.*, 106 B.R. 478 (Bankr. N.D. Ohio 1989) (creditors' committee had no right to intervene absent a showing that its interests were not being adequately represented); *Kenan v. Fed. Deposit Ins. Corp.*, 33 B.R. 348 (Bankr. W.D. Okla. 1983) (because "case" under § 1109(b) does not include adversary proceedings, there are no statutes granting an unsecured creditors' committee an unconditional right to intervene under Rule 24(a)(1)).

In addition, the First and Fourth Circuits have applied the *Fuel Oil* approach to other issues relating to intervention under § 1109(b). *See Richman v. First Woman's Bank*, 104 F.3d 654, 658 (4th Cir. 1997) (adopting the reasoning of *Fuel Oil* to find that a debtor, even as a "party in interest," must separately satisfy the requirements for intervention under Rule 24 to participate in a turnover action); *Vermejo Park Corp. v. Kaiser Coal Corp.*, 998 F.2d 783, 790 (10th Cir. 1993) (stating that a "party in interest" is not "afford[ed] the right to intervene under 24(a)(1)"); *Kowal v. Malkenmus*, 965 F.2d 1136, 1142 n.8 (1st Cir. 1992) (citing *Fuel Oil* to show that participation by "parties in interest" may be limited under § 1109(b)).

[3] In addition, there is not even a consensus among the bankruptcy courts in the Eleventh Circuit on this issue. *See In re Celotex Corp.*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006) (*citing Caldor*); *cf. Matter of Chalk Line Mfg., Inc.*, 184 B.R. 828, 831 (Bankr. N.D. Ala. 1995) ("§ 1109(b) does not provide an absolute right to intervene in an adversary proceeding") (*citing Fuel Oil*).

as that term is used in § 1109(b), and their related adversary proceedings, which shows that Congress intended that motions to intervene under § 1109(b) would be controlled by Rule 24(a)(2), rather than Rule 24(a)(1). *Id.* at 1287.[4]  Third, the court stressed the policy concerns of allowing the committee and each individual creditor, of which there may be hundreds, to be an "automatic party" to each adversary proceeding because it is a "party in interest." *Id.*

11. Here, the Committee seeks to intervene under Rule 24(a)(1), despite the clear legislative history demonstrating that Congress did not intend to permit such unfettered access into adversary proceedings. By adhering to *Fuel Oil* and its progeny, a court can better control the proceedings because it will be able to prevent it from being overwhelmed by "automatic parties" that may make duplicative arguments that undermine judicial economy. *Id.* Furthermore, the Court can restrict intervention only to those interested parties that meet the standards set forth under Rule 24(a)(2). Accordingly, this Court should determine that the Committee does not have an absolute right to intervene here.

12. Under Rule 24(a)(2), a party seeking to intervene as of right *must* show all of the following: (1) it has a direct, substantial, and legally protectable interest in the subject matter of the litigation; (2) it is so situated that disposition of the action may impede or impair its ability to protect its interest; and (3) the existing parties cannot adequately represent the interest. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *Loyd v. Alabama Dep't of Corrections*, 176 F.3d 1336, 1339 (11th Cir. 1999).

---

[4] In particular, under the Advisory Committee Note to Rule 7024, Federal Rules of Bankruptcy, "[i]ntervention in a case and intervention in an adversary proceeding must be sought separately." This "sentence . . . makes no sense if intervention in the 'case' provided entrance to the adversary proceeding as well." *Fuel Oil,* 762 F.2d at 1287.

13. On this point, the Committee asserts that it has an interest in this adversary proceeding because whether "Sovereign is permitted to extend its security interest to all of the assets referenced in the Counterclaim will necessarily affect whether such assets are otherwise available for distribution to creditors in this case." Amended Motion to Intervene at ¶ 9.

14. Conspicuous in its absence—and fatal to its argument—is any assertion that TBW, or its counsel, cannot adequately represent the creditors' purported interest. And the Committee cannot reasonably make such an argument because it is axiomatic that the debtor-in-possession has a fiduciary duty to protect the interests of its creditors, and there has been no suggestion that TBW and its counsel are incapable of doing that. As Sovereign has previously argued, TBW's fiduciary duty makes the Committee's intervention unnecessary and superfluous. Moreover, the Committee's intervention will only increase the litigation expenses attendant to TBW's bankruptcy case to the detriment of the creditors it is purporting to help.

15. In addition, when a proposed intervenor has the same ultimate objective as one of the parties, there is a presumption that the interest is adequately represented by the existing parties, which can only be overcome with a showing of adversity of interest, collusion, or nonfeasance. *See Federal Sav. and Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993); *Ace Amer. Ins. Co. v. Paradise Divers, Inc.*, 216 F.R.D. 537, 540 (S.D. Fla. 2003) (*citing Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). The Committee's attempted intervention triggers this presumption, which the Committee cannot overcome.

16.     Accordingly, the Committee has failed to demonstrate that it may intervene as of right under Rule 24(a).

## II.     The Committee Has Also Failed to Demonstrate that it Should be Permitted to Intervene Under Rule 24(b).

17.     Alternatively, the Committee seeks permissive intervention under Rule 24(b), in which a moving party *must* show that its claim or defense and the main action have a common question of law or fact.  *See Chiles*, 865 F.2d at 1213.

18.     In this regard, the Committee asserts that it is "entitled to assure that distributions are not affected by any attempts by Sovereign to unjustifiably expand the security interests described in the Complaint and Counterclaim," which is "similar to [TBW]'s interests."  Amended Motion to Intervene at ¶ 10.

19.     This argument is no more compelling when shoehorned into Rule 24(b) as it was in Rule 24(a)(2).  Again, there is no assertion here that TBW cannot adequately honor its fiduciary duty to the creditors.  The Committee even admits the duplicative nature of its proposed intervention by stating that if it were permitted to intervene, it would assert "the same claims and defenses asserted by [TBW]."  *Id*. at ¶ 12.

20.     In addition, in ruling on a motion for permissive intervention, Rule 24(b)(3) requires the Court to consider whether the proposed "intervention will unduly delay or prejudice the adjudication of the original parties' rights."  The Committee argues that permitting it to intervene "will not prejudice the existing parties' rights."[5]

---

[5] The Committee further argues that "Sovereign has not articulated how intervention by the Committee would possibly prejudice its rights."  Amended Motion to Intervene at ¶ 11.  How Sovereign could have done so before the Committee filed its motion is a mystery.

21.     The Committee's intervention will prejudice Sovereign's rights (and all other creditors) because it will unduly delay the adjudication of this matter and unnecessarily increase the expense of litigation.[6]  Under the Scheduling Order (Doc. 11), TBW and Sovereign have just over three months—through July 29, 2011—to complete fact discovery, and must file any dispositive motions by August 31, 2011.  Consequently, Sovereign takes issue with the Committee's assertion that the "proceedings are in the preliminary stage."  The parties are past the preliminary stage and are proceeding with discovery.  Permitting the Committee to intervene at this point will delay the resolution of this matter and prejudice Sovereign.

22.     Accordingly, the Committee has failed to demonstrate that it should be permitted to intervene under Rule 24(b).

### III. The Motion to Intervene Still Fails to Provide a Pleading that Sets Forth the Committee's Claims or Defenses, as Required by Rule 24(c).

23.     Rule 24(c) requires that a motion to intervene *must* "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  The purpose of this requirement "is to place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor."  *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996).

24.     As it did when filing the initial Motion to Intervene, the Committee continues to ignore this express requirement of Rule 24(c).  No pleading is attached to the Amended Motion to Intervene.

---

[6]  In fact, the only "parties" who will benefit are the lawyers.

25.  In an attempt to make Sovereign's argument regarding Rule 24(c) appear as form over substance, the Committee improperly asserts that it intends to advance the same claims and defenses asserted by TBW.  This argument is unavailing because if the claims and defenses that the Committee intends to advance are exactly the same as TBW's, then the Amended Motion to Intervene must be denied in any event.  *See Federal Savings and Loan*, 983 F.2d at 215; Fed. R. Civ. P. 24(a)(2).

**IV.    The Committee, as a Non-party, Cannot Move for Joinder**

26.  The Committee's alternative request that the Court should "join the Committee as a party plaintiff" is a meritless attempt to circumvent the intervention rule.[7]  Amended Motion to Intervene at ¶ 13.

27.  Motions for joinder in adversary proceedings are governed by Rules 19 and 20 of the Federal Rules of Civil Procedure.  *See* Fed. R. Bankr. P. 7019 and 7020.

28.  But because the Committee is not a party to the adversary proceeding, it cannot, by its own motion, seek joinder as a party under Rules 19 or 20.  *See Premier Foods of Bruton, Inc. v. City of Orlando*, 192 F.R.D. 310, 312 (M.D. Fla. 2000) (*citing Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994) ("We add that the plaintiff has failed to direct us to any case, nor have we been able to locate any case, in which a court granted a motion to join made by a non-party to the lawsuit.  It would seem that the proper course of action would be a motion to intervene under Fed. R. Civ. P. 24.")); *In re 8699 Biscayne, LLC*, Adv. No. 08–01749–AJC, 2009 WL 3617456, *4 (Bankr. S.D. Fla. Oct. 26, 2009) ("a person or entity that is already a party may make a motion for joinder").

---

[7] The case cited by the Committee, *Anderson v. HSN, LP Ingenious Designs, Inc.*, Adv. No. 03-9357, 2004 WL 5848453 (Bankr. N.D. Ga. Sept. 27, 2004), is not particularly helpful.  There, the court construed a motion to intervene as a form joinder, which was granted without any explanation.  *Id*. at *4.

29. Therefore, the Committee's request for joinder must be denied as a matter of law.

## CONCLUSION

30. The Amended Motion to Intervene is no more compelling than the Committee's initial motion. Because the Committee has repeatedly failed to demonstrate that it should be permitted to intervene or join, and has admitted that it lacks any legal basis for intervention, Sovereign respectfully requests that the Court now deny the Amended Motion to Intervene <u>with</u> <u>prejudice</u>.

Dated: April 28, 2011                                        Respectfully submitted,

/s/ Robert A. Soriano
Robert A. Soriano (FBN 445002)
sorianor@gtlaw.com
Christopher Torres (FBN 716731)
torresch@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 East Twiggs Street, Suite 100
Tampa, Florida  33602
Telephone:  813.318.5700
Facsimile: 813.318.5900

*Attorneys for Sovereign Bank*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the Response in Opposition to Unsecured Creditors' Committee's Unopposed Motion to Intervene has been served this 28th day of April, 2011 to all attorneys who have appeared in this case via CM/ECF Electronic Noticing and by U.S. Mail to:

    Taylor Bean & Whitaker Mortgage Corp.
    4901 Vineland Road, Suite 120
    Orlando, FL  32811

    Jeffrey W. Kelley
    J. David Dantzler, Jr.
    Troutman Sanders, LLP
    600 Peachtree Street, Suite 5200
    Atlanta, GA  30308-2216

    Russell M. Blain
    Edward J. Peterson
    Stichter, Riedel, Blain & Prosser, P.A.
    110 East Madison Street, Suite 200
    Tampa, FL  33602

    David L. Gay
    Berger Singerman
    200 South Biscayne Boulevard, Suite 1000
    Miami, FL  33131

                                                 /s/ Robert A. Soriano
                                               Attorney