UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP., *et al.,*

Debtors.

Chapter 11

Case No. 3:09-bk-07047-JAF
Case No. 3:09-bk-10022-JAF
Case No. 3:09-bk-10023-JAF

Jointly Administered Under
Case No. 3:09-bk-07047-JAF

_____/

TAYLOR, BEAN & WHITAKER MORTGAGE
CORP.,

Plaintiff,

v.

SOVEREIGN BANK,

Defendant.

Adversary Proceeding
Case No. 3:10-ap-00644-JAF

_____/

**REPLY TO SOVEREIGN BANK'S
RESPONSE IN OPPOSITION TO UNSECURED CREDITORS'
COMMITTEE'S AMENDED MOTION TO INTERVENE OR FOR JOINDER**

The Official Committee of Unsecured Creditors ("Committee") replies to Sovereign Bank's Response in Opposition to the Committee's Amended Motion to Intervene or for Joinder in this matter as follows:

**Introduction**

1. On December 20, 2010, Taylor Bean & Whitaker Mortgage Corp. ("TBW" or the "Debtor") filed its complaint in this matter against Defendant, Sovereign Bank (the "Complaint"). [D.E. 1]. In the Complaint TBW seeks a determination of the extent of Sovereign Bank's lien rights regarding certain servicing contracts and hedging arrangements to which TBW

was a party.

2. On January 13, 2011, Sovereign Bank ("Sovereign") filed its answer and asserted an affirmative defense and a ten count counterclaim (the "Counterclaim"). [D.E. 4]. In the Counterclaim, Sovereign seeks a declaration and order that Sovereign has a security interest attaching to certain servicing contracts, servicer advances, hedging arrangements and the proceeds of certain settlements.

3. On April 4, 2011, the Committee filed its Motion to Intervene in this matter (the "Motion to Intervene"). [D.E. 13].

4. On April 13, 2011, the Court entered an order denying the Motion to Intervene without prejudice.

5. On April 18, 2011, the Committee filed an Amended Motion to Intervene of for Joinder (the "Amended Motion to Intervene"). [D.E. 19]. In the Amended Motion to Intervene, the Committee claims a right to intervene both as a matter of right under Bankruptcy Rule 7024(a), and pursuant to the permissive intervention provisions of Rule 7024(b).

6. On April 28, 2011, Sovereign filed its Response in Opposition to the Motion to Intervene (the "Response in Opposition"). [D.E. 15]. Sovereign claims that, despite bankruptcy decisions from the Middle District of Florida to the contrary, that the Committee is not entitled to intervene as a matter of right under Rule 7024(a)(1). Sovereign also claims, without authority, that the Court can restrict intervention under Rule 7024(a)(1) according to the elements of 7024(a)(2). Sovereign also claims that the Committee is not entitled to permissive intervention because TBW can, according to Sovereign, adequately represent the Committee's interest, which is not an prerequisite to granting permissive intervention.

## Argument

In the Amended Motion to Intervene, the Committee asserts that, because it is a party in interest pursuant to Section 1109, it is entitled to intervene as a matter of right under Rule 24(a)(1). Sovereign recognizes that decisions from the second and third circuits (*In re Caldor Corp. and In re Marin*) as well as at least one decision from the bankruptcy court for the middle and district of Florida (*In re Celotex*) expressly hold that creditor committees have an absolute and unconditional right to intervene in adversary proceedings. However, Sovereign points to a 1985 decision from the Fifth Circuit (*Fuel Oil Supply*), three district court opinions from Kentucky, Ohio and Oklahoma, and a lack of controlling Eleventh Circuit authority in claiming that, according to "the greater weight of authority," an interested party does not have an absolute right to intervene.

However, in the most recent circuit court opinion to address this issue, the second circuit, after thoroughly analyzing the *Fuel Oil* decision, as well as numerous other relevant decisions, determined that the better reasoned result is that a committee had an unconditional right to intervene pursuant to Section 1109 and Rule 7024(a)(1), and reversed a district court order upholding the denial of such intervention. *See Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 176 (2d Cir. 2002). Moreover, a review of relevant decisions indicates that the majority of courts in the Eleventh Circuit have rejected *Fuel Oil* and adopted the reasoning *In re Caldor* and *In re Marin*. *See Asbestos Settlement Trust v. Port Authority of New York and New Jersey (In re Celotex Corp.)*, 377 B.R. 345, 350 (Bankr. M.D. Fla. 2006)(citing *In re Caldor* and *Official Committee of Asbestos Claimants of G–I Holding, Inc. v. Heyman,* 2003 WL 22790916, at *2 (S.D.N.Y. Nov. 25, 2003) in holding that "[t]he authorization provided by § 1109(b) to appear and be heard on 'any issue in a case extends to

adversary proceedings" and, therefore, "[a]n entity's status as a 'party in interest' under § 1109(b) satisfies the standard for intervention required by Rule 24(a)(1) of the Federal Rules of Civil Procedure"); *Gleason v. Commonwealth Cont'l Health Care (In re Golden Glades Reg'l Med. Ctr.)*, 174 B.R. 813, 815 (Bankr. S.D. Fla. 1992)(noting decisions from various circuits supporting the decision in *In re Marin*, and that "[m]any courts and leading commentators, however, have criticized the *Fuel Oil* decision in light of the clear statutory language and legislative history."). In fact, Sovereign points to a single decision from an Eleventh Circuit court, the Bankruptcy Court for the Northern District of Alabama, decided prior to *In re Caldor* and *In re Celotex*, which adopts the *Fuel Oil* reasoning. Accordingly, the Committee submits that the greater weight of authority supports the right of the Committee, as a party in interest, to intervene in this proceeding.

Sovereign also claims, without reference to any authority, that the Court may restrict intervention to only those interested parties that meet the standards set forth under Rule 24(a)(2). However, Rule 7024(a) states that the Court <u>must</u> permit intervention by any party that meets the criteria of either subparagraph (a)(1) <u>or</u> (a)(2). Accordingly, it is quite clear, that the criteria of (a)(2) does not apply to limit intervention by any party given a statutory right to intervene under (a)(1).

The Committee also asserts that it is entitled to intervene under Rule 7024(a)(2) which provides that a party may intervene where that party claims an interest relating to the property or transaction which is the subject of the action, and the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest. Sovereign does not dispute that the Committee claims an interest relating to the property or transaction that is the subject of the Adversary Proceeding, or

that the action may impede the Committee's ability to protect that interest. Sovereign simply claims, since TBW has a duty to protect the interests of its creditors, intervention by the Committee is "unnecessary and superfluous." Taken at face value, Sovereign's position would necessary mean that no creditors' committee would ever be entitled to intervene in an adversary proceeding brought by a debtor-in-possession. This position is clearly erroneous and not supported by any apparent authority.

The Committee further asserts that, even if it were not entitled to intervention as a matter of right, it is entitled to permissive intervention under Rule 7024(b) which provides intervention when the movant has a claim or defense that shares with the main case a common question of law or fact. As set forth in the Amended Motion to Intervene, the Committee is entitled to ensure that distributions to creditors are not affected by any attempts by Sovereign to unjustifiably expand the security interests described in the Complaint and Counterclaim – a claim similar to the Plaintiff's interests set forth in the Complaint. In response, Sovereign again claims that TBW adequately represents the Committee's interests. However, whether TBW may adequately represent the Committee's interests is simply irrelevant in determining whether the Committee is entitled to intervene pursuant to Rule 7024(b).

Sovereign also claims that permitting the Committee to intervene will delay the resolution of this matter and prejudice Sovereign. Those statements are the sum total of Sovereign's allegations regarding the alleged prejudice. Notwithstanding Sovereign taking issue with the suggestion that the Adversary Proceeding is in the preliminary stage, no substantive motions, hearings, or discovery of note have taken place. Moreover, Sovereign has yet to even allege how intervention by the Committee would purportedly prejudice Sovereign's rights or delay the proceedings.

**Conclusion**

For the reasons set forth above, despite Sovereign's repeated opposition, the Committee's intervention in this matter is warranted both as a matter of right under Rule 7024(a), and pursuant to Rule 7024(b). Sovereign has yet to articulate a single substantive reason why the Court should deny intervention. Further, as set forth in the Amended Motion to Intervene, even if the Committee were not entitled to intervention, the Committee should as a party in interest. Accordingly, the Committee respectfully requests that the Court grant the Motion to Intervene or, in the alternative, allow the Committee to be joined as a party in interest.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Middle District of Florida and that I am in compliance with all additional qualifications to practice before this Court as set forth in Local Rule 2090-1.

Dated: May 5, 2011

BERGER SINGERMAN
*Attorneys for Official Committee of Unsecured Creditors*
200 South Biscayne Boulevard, Suite 1000
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ David L. Gay*
    David L. Gay
    Florida Bar No. 839221
    dgay@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system to those parties on the attached Service List on May 5, 2011.

By: _/s/ David L. Gay_
David L. Gay

## SERVICE LIST

**Jeffrey W Kelley**
Troutman Sanders LLP
600 Peachtree Street
Suite 5200
Atlanta, GA 30308-2216

**Robert A. Soriano**
Greenberg Traurig, P.A.
625 East Twiggs Street
Suite 100
Tampa, FL 33602

3605817